IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JODY RABY,<br>RICKEY H. THOMAS, | :<br>:<br>: |
| Plaintiffs, | : |
| VS. | :  NO. 5:23-cv-231-CAR-MSH |
| ANGELA REAVES, *et al.*, | :<br>: |
| Defendants. | :<br>: |

## ORDER OF DISMISSAL

Plaintiffs, who are both state prisoners proceeding *pro se*, have filed a civil complaint seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiffs have requested that "the Court certify this suit as a class action under Rule 23(b)". *Id*. at 17-19. However, a prerequisite for a class action suit is a finding by the Court that the representative party or parties can "fairly and adequately protect the interests of the class." Fed. R. Civ. Proc. 23(a)(4). It is well established that a *pro se* plaintiff "cannot be an adequate class representative." *Gray v. Levine*, 455 F. Supp. 267, 268 (D. Md. 1978) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citing *Oxendine*, 509 F.2d at 1407) ("[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'"); *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming that an inmate "is not qualified to file an action for the release of his fellow inmates from solitary

confinement"). In other words, the authorization to litigate one's own case *pro se* under 28 U.S.C. § 1654 "does not extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (holding that a private individual may not bring a qui tam suit pro se); *see also Bass v. Benton*, 408 F.App'x 298, 299 (11th Cir. 2011) (affirming dismissal of former prisoner's *pro se* § 1983 complaint on basis that he "may not represent the plaintiffs in a class action suit"); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine*, 509 F.2d at 1407) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). Accordingly, *pro se* prisoners are not permitted to proceed with a class action lawsuit.

Furthermore, the Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action be responsible for the Court's filing fee. *See* 28 U.S.C. § 1915(b). Additionally, the Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming the district court's dismissal of a multi-plaintiff action under the PLRA on the ground "that each plaintiff had to file a separate complaint and pay a separate filing fee"). As the Eleventh Circuit noted in *Hubbard*, requiring each plaintiff to pay the full filing fee is consistent with Congress' purpose of imposing costs on prisoners to deter frivolous suits. *Id.* at 1197–98.

2

For the reasons stated herein and as it does not appear that the applicable statutes of limitations would bar Plaintiffs' claims from refiling, this civil action is **DISMISSED without prejudice**. Each Plaintiff, if he chooses to do so, may file their own separate complaint in which he asserts only claims personal to him and not on behalf of or in conjunction with fellow prisoners. Each Plaintiff, upon the refiling of his complaint, must also either pay the filing fee or submit a complete motion to proceed *in forma pauperis* that includes the statutorily required certified account statement.

**SO ORDERED**, this 17th day of July, 2023.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT